J. FRANK COPE, PROSECUTOR, v. THE COMMON COUNCIL OF THE CITY OF SOMERS POINT ET AL.

Argued June 3, 1906—Decided June 25, 1906.

The purpose of section 45 of the Inn and Tavern act of 1846 was to prevent a freeholder, who had recommended an application for a license, to keep an inn and tavern in any municipality, from recommending any other like application which was to become operative during any part of the year covered by the application first recommended.

On *certiorari.*

Before Justices Fort, Garretson and Reed.

For the prosecutor, *Enoch A. Higbee* and *Harry R. Coulomb.*

For the defendants, *Clarence L. Cole* and *John C. Reed.*

The opinion of the court was delivered by

FORT, J.   This writ brings up the action of the common council of Somers Point in granting a license to keep an inn and tavern to Charles J. Collins, who is also made a defendant in the writ.   It is conceded that Somers Point has the power to grant licenses.

Several grounds are alleged for vacating the municipal action.

Among the twelve persons who recommended Collins' license, two were shown by the proof to have within a year previously recommended the application of one Regan for a license to keep an inn and tavern in Somers Point.   Regan's application was granted by the council on June 5th, 1905. The application of the defendant Collins was granted on April 3d, 1906.

Section 45 of the Inn and Tavern act of 1846 (*Gen. Stat., p.* 1794), is as follows:  "The freeholders required to recommend to the court suitable persons for license to keep inns and taverns shall be such as shall not have recommended any other application for a license,  *   *   *  in the same township, city or borough, for the same year."

The counsel of the defendants contends that "same year," as used in this section, means the same calendar year.   That the two freeholders who recommended Regan's application did so in 1905, and that, as they recommended Collins' application in 1906, they did not recommend two applications in the same year.

This view has never before, to our knowledge, been urged either in the several Courts of Common Pleas of the state or elsewhere—certainly never in this court—as the true construction of this section of the Inn and Tavern act.

We think the section means that a freeholder who has recommended an application for license, within a year prior to the beginning of the license which he subsequently recommends, is not competent to so do.

The object of the statute was to prevent a freeholder from recommending any other application for a license which was to become operative, in whole or in part, during the year

covered by the license granted upon any application which he had previously recommended.

As this conclusion is fatal to this license, it is unnecessary to consider any of the other reasons assigned for reversal in this case.

The action of the council of Somers Point in granting the Collins license, being illegal, is vacated and set aside, with costs.